(No. 35921.—

The People of the State of Illinois, Defendant in Er-
ror, *vs.* Henry Dogan, Plaintiff in Error.

*Opinion filed. May 25, 1962.*

Constantine Farmans, of Chicago, appointed by the
court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield,
and Daniel P. Ward, State's Attorney, of Chicago, (Fred
G. Leach and E. Michael O'Brien, Assistant Attorneys
General, and John T. Gallagher and Dean H. Bilton,
Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, Henry Dogan, was convicted of the crime of robbery in the criminal court of Cook County, after a trial without a jury. The case is now here upon a writ of error in which the only contention is that the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt.

The victim of the robbery, Richard Davis, testified that as he was walking home at about 12:30 A.M., he was accosted by two men. One of these men, whom he identified as the defendant, knocked him down and the other man, identified as William Campbell, a co-defendant, took $6 from Davis's pocket. As the men started to leave, Davis called for help and Joe Clark, an off-duty policeman who was passing by, got out of his car and ran toward him. Davis told Clark that he had been robbed and Clark shouted at the two men, who were walking away from the scene. Campbell stopped on the sidewalk but the defendant ran into a building. Clark ordered the defendant to come out of the building and when he came out, Clark placed both men under arrest. Clark searched both men and found a $5 bill and a $1 bill in Dogan's possession. He accused both men of robbing Davis and they each denied it.

Defendant testified that he first observed Davis sitting on the ground. He stepped around him and kept going and heard Davis shout, "Hey, you, give me back my money." At that time the defendant noticed Campbell about 10 feet ahead of him but he did not see anyone else in the vicinity. He heard someone yell, "Stop!" and ran up the stairs of a building because he knew that there would be trouble. He came out of the building when he was ordered to do so by the police officer.

Campbell testified that as he was walking down the street he saw a man lying on the ground and saw another man running down the street. Campbell did not know who this

32

man was but testified that it was not the defendant, Dogan. Campbell walked past the man on the ground and as he got further down the street he heard someone yell, "Halt!" He then stopped and was placed under arrest by Clark.

There is no question of identification here since both the defendant and Campbell admitted being present at the scene of the crime at about the time of the robbery. The sole question in the case is whether Davis was telling the truth when he said the two men robbed him or whether the defendant and Campbell were telling the truth when they testified that they were innocent by-standers. The trial judge resolved the question in favor of the State and we will not disturb his ruling. The testimony of Davis was sufficient to establish the guilt of the defendant beyond a reasonable doubt and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*